NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Estate of Kevin Lakatos,<br><br>Plaintiff,<br><br>v.<br><br>Monmouth County Department of Corrections, et al.,<br><br>Defendants. | Civ. No. 13-5701<br><br>OPINION |

This case comes before the Court on a Motion to Dismiss brought by Defendants Monmouth County Department of Corrections and others ("Defendants"). The Estate of Kevin Lakatos ("Plaintiff") opposes. The Court has decided the motion based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78 (b). For the reasons set forth below, the Court will GRANT Defendants' Motion to Dismiss.

BACKGROUND

Plaintiff was an inmate at Monmouth County Correctional Institution ("MCCI") "for a period of six months" beginning August 17, 2011. (Doc. No. 1, 1). Plaintiff's allegations stem from the medical care he received while being treated for a tumor on or near his left lung. (*Id.*).

In October 2011, Plaintiff met with a thoracic surgeon who evaluated Plaintiff's tumor and informed Plaintiff that he wanted to perform surgery within three days. (*Id.*). However, MCCI "declined" the surgery and "did nothing until the end of November 2011" at which time Defendant Dr. Shah examined Plaintiff. (*Id.* at 1-2). The delay was caused by a change in medical directors and a new contract for medical care. (Doc. No. 7, 9). However, there is no claim that Plaintiff suffered during this time or that the surgery needed to be done immediately. On December 5, 2011, Shah performed a biopsy during which he also removed one of Plaintiff's

1

ribs. (Doc. No. 1, 2). After consulting with an independent physician, Plaintiff learned that he had a punctured lung and that Doctor Shah should not have performed the operation which caused the puncture of the lung and removal of the rib. (*Id*.). During recovery, Plaintiff alleges that he received inadequate medication for pain and had to sleep on a thin mattress. (*Id*.).

Plaintiff filed state law claims as well as claims under 42 U.S.C § 1983 and 42 U.S.C. §1985, claiming that Defendants' treatment violated his Fifth, Eighth, and Fourteenth Amendment rights. Defendants moved to dismiss these claims.

## DISCUSSION

*1. Legal Standard*

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F. 3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id*. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" the facts must allow a court reasonably to

infer "that the defendant is liable for the misconduct alleged." *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. 678-79).

   2. *Analysis*

The Court will examine the questions raised by 42 U.S.C. § 1983 and 42 U.S.C. § 1985 to determine if Plaintiff stated a claim under either statute upon which relief can be granted.

   a.  Claims Related to §1983

As a threshold requirement for a § 1983 claim, Plaintiff must show a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (§ 1983 "is not a source of substantive rights, but merely . . . a method for vindicating federal rights elsewhere conferred."). In support of his claims, Plaintiff alleges Fifth, Eighth, and Fourteenth Amendment violations. However, Plaintiff's claims do not satisfy the pleading requirements for either violation.

First, at the center of Plaintiff's § 1983 claim is the allegation that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. "[T]he government's obligation to provide medical care for those whom it is punishing by incarceration" is well-established. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, "medical malpractice does not become a constitutional claim merely because the victim is a prisoner." *Id*. at 106. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id*. "An unwitting failure to provide adequate medical care, a negligent diagnosis or treatment, or even medical malpractice, does not" rise to deliberate indifference. *See Coletta v. Board of Freeholders of Ocean County*, 2007 U.S. Dist. LEXIS 2717, at 15 (3d Cir. 2007) (denying inmate access to knee brace for physical therapy and withholding medications does not constitute

deliberate indifference.); *see also Estelle*, 429 U.S. at 107 ("lack of diagnosis and inadequate treatment of [Plaintiff's] injury" is not deliberate indifference).

Here, Plaintiff saw specialists, underwent diagnostic testing, had surgery, and received follow-up care. However, Plaintiff alleges that his surgery was flawed and delayed and that he did not receive sufficient care during recovery. Plaintiff does not allege any harm stemming from the delay in treatment. *See Archer v. Dutcher*, 733 F.2d 14, 16 (3d Cir. 1984) (finding deliberate indifference in the "intentional efforts on the part of defendants to delay [plaintiff's] access to medical care at a time when she was in extreme pain" constitute medical indifference). Viewing the facts in the light most favorable to Plaintiff, the Court finds that the facts alleged are insufficient to support the claim. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) ("[C]laims of negligence or medical malpractice, without some more culpable state of mind, do not constitute" deliberate indifference.).

Plaintiff also alleges a violation of his right to due process. Specifically, Plaintiff claims a "deprivation of life without due process of law." (Doc. No. 1, 6). In order, "[t]o establish a substantive due process violation, plaintiffs must show that 'the behavior of the [defendants] was so egregious, so outrageous, that it may be fairly said to shock the contemporary conscience." *County of Sacremento v. Lewis*, 523 U.S. 833, 847 n. 8 (1998). "Mere negligence is never sufficient. Proof of intent to harm is usually required, but in some cases, proof of deliberate indifference [. . .] will satisfy the substantive due process threshold." *Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005) (citing *Lewis*, 523 U.S. at 851). For the reasons discussed above,

Plaintiff has failed to allege facts which would support a finding of deliberate indifference or intent to harm. Accordingly, the Court dismisses Plaintiff's § 1983 claims as to all Defendants.[1]

    b. <u>Claims Related to § 1985</u>

Plaintiff also alleges a violation of § 1985, contending that Defendants conspired to violate his civil rights. However, Plaintiff provides no evidence of any agreement or intent on behalf of the Defendants. Plaintiff has not stated facts that would allow a court to reasonably to infer that Defendant is liable.

*3. Jurisdiction*

The Court's jurisdiction arises from the § 1983 and § 1985 claims. The Court had supplemental jurisdiction over state law claims under 28 U.S.C. § 1367. Since the Court has dismissed the federal questions, the Court no longer has jurisdiction over the remaining state claims.

## CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.

Dated: 10/28/13

---

[1] Plaintiff also raises claims of failure to train as well as improper hiring and monitoring of employees (Doc. No. 1, 5-7). However, Plaintiff provides no facts to support these claims.