UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Estate of Kevin Lakatos,<br><br>Plaintiff,<br><br>v.<br><br>Monmouth County Department of Corrections, et al.,<br><br>Defendants. | Civ. No. 13-5701<br><br>OPINION |

THOMPSON, U.S.D.J.

This matter comes before the Court on a motion to remand brought by the Estate of Kevin Lakatos ("Plaintiff") and a motion to dismiss brought by Defendants Monmouth County Department of Corrections, Dr. Shamji K. Shah, and others (collectively, "Defendants"). [1] The Court has decided the motions based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78 (b). For the reasons set forth below, the Court will grant Plaintiff's motion to remand and dismiss Defendants' motion to dismiss as moot.

BACKGROUND

Plaintiff was an inmate at Monmouth County Correctional Institution ("MCCI") "for a period of six months" beginning August 17, 2011. (Doc. No. 1, 1). Plaintiff's allegations stem from the medical care he received while being treated for a tumor on or near his left lung at MCCI. (*Id.*). Plaintiff filed state law claims and claims under 42 U.S.C § 1983 and 42 U.S.C.

---

[1] Defendants in this case are as follows: Monmouth County Department of Corrections, County of Monmouth, Monmouth County, Monmouth County Sheriffs' Office, Brian Elwood (individually and in official capacity), Correct Care Solutions, John Does 1-70, Kathleen Mateyak, Dr. Kabeeruddin Hashmi, and Shamji K. Shah.

§1985 against Defendants. (Doc. No. 1). With the exception of Defendant Shah, Defendants are all represented by the same attorneys. (Doc. No. 10, Ex. 2, 3).

Defendant Shah was served on September 21, 2013. (Doc. No. 10, Ex. 2). On September 25, 2013, Defendants MCCI, Correct Care Solutions, LLC, Dr. Kabeeruddin Hashmi, Kathleen Mateyak, County of Monmouth, and Brian Elwood signed and filed a notice of removal. (Doc. No. 1). The notice of removal stated that "Co-Defendants have consented to removal of this action." (Doc. No. 1). Defendant Shah did not sign the notice of removal. (Doc. No. 1).

Defendants claim that Defendant Shah consented to removal. The removing parties mailed a letter to Defendant Shah on September 13, 2013, stating the following: "unless advised to the contrary, we will assume that you have consented to removal of this action." (Doc. No. 14, Ex. A). Defendant Shah did not respond to this letter, but Defendants claim he communicated his consent through counsel after the notice of removal was filed. (Doc. No. 14, Ex. A). The date and manner of this communication is not provided to the Court.

On October 24, 2013, Plaintiff moved to remand the action on the grounds that Defendants failed to obtain consent of all the parties involved. (Doc. No. 10).

## DISCUSSION

1. Legal Standard

On a motion to remand, the removing party bears the burden of proving that jurisdiction is proper in federal court. *Samuel-Bassett v. Kia Motors Corp.,* 357 F.3d 392, 396 (3d Cir. 2004). Removal statutes are strictly construed against removal and all doubts are resolved in favor of remand. *Id.*

To properly remove a case from state court to federal court, a notice of removal must be filed in the federal court within thirty days of receipt "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Under the "rule of unanimity," all defendants must "join in the notice of removal or give their consent within the thirty day period." *New York Reg'l Rail Corp. v. Bridges,* No. 06-44, 2006 WL 1722631, at *3 (D.N.J. June 30, 2006)(Cavanaugh, J.); *see also Balazik v. Cnty. Of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995)("Failure of all defendants to join is a 'defect in removal procedure' [. . .].").

"Although the [r]ule of [u]nanimity does not require each defendant to sign the actual notice of removal, courts generally require each defendant served in the action to provide 'some form of unambiguous *written* evidence of consent to the court in a timely fashion.'" *Burns v. City of Hoboken*, 2011 WL 2881311 (D.N.J. July 15, 2011). Furthermore, a "removing defendant may not submit consent to the court on behalf of non-removing defendants." *Michaels v. State of N.J.*, 955 F.Supp. 315, 321 (D.N.J. 1996); *see also Landman v. Borough of Bristol,* 896 F.Supp. 406, 409 (E.D.Pa.1995)("[O]ne defendant's attempt to speak on behalf of another defendant will not suffice.").

2. Analysis

Here, Defendant Shah did not sign the notice of removal. Therefore, Defendant Shah was required to file a separate written consent to removal within 30 days of the date he was served. *See* 28 U.S.C. Sect. 1446 (b). The removing parties mailed a letter to Defendant Shah on September 13, 2013, stating "unless advised to the contrary, we will assume that you have consented to removal of this action." (Doc. No. 14, Ex. A). However, this non-response is insufficient. *See Estate of Dean v. New Jersey*, 2012 WL 1900924 (D.N.J. May 24, 2012) ("non-

signing defendants must do more than merely advise the removing defendant of their consent"). The statement by removing defendants that all co-defendants have consented to removal is also insufficient on its own. *See Michaels*, 955 F. Supp. at 321.

Defendant Shah did not properly consent to removal. *See Estate of Dean v. New Jersey*, 2012 WL 1900924 (D.N.J. May 24, 2012)("Defendants must communicate their consent directly to the Court."). Therefore, removal was improper.

## CONCLUSION

For the above reasons, Plaintiff's motion to remand is granted and Defendants' motion to dismiss is denied.[2]

*Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.

Dated: 1/22/14

---

[2] Plaintiff also requests that "Plaintiff's counsel be awarded counsel fees and costs." (Doc. No. 10). The Court denies this request.